UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

SARADIA EUGENE,
Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY MAYOR'S OFFICE OF TALENT AND WORKFORCE DEVELOPMENT, NEW YORK CITY DEPARTMENT OF SMALL BUSINESS SERVICES, WORKFORCE DEVELOPMENT CORPORATION, and DANIEL LISS, Individually and in his Official Capacity,

Defendants.

No. 25-CV-6173 (LJL) (VF)

PROTECTIVE ORDER

---------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections and applies only to material entitled to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file materials under seal;

WHEREAS, this Court finds good cause for issuance of this Order;

IT IS HEREBY ORDERED:

1. Definition of Discovery Material
"Discovery Material" includes all information produced or disclosed in discovery.

“Confidential Discovery Material” includes information designated as confidential in good faith, including but not limited to:

medical, psychiatric, psychological, therapy, pharmacy, disability, accommodation, diagnosis, and treatment-related information;

employment-related information, including past or present employment, compensation, evaluations, discipline, separation, and workplace records;

personal identifying information and sensitive personal data;

financial or proprietary business information;

any information of a personal or intimate nature.

2. No Blanket Designations
Confidentiality designations must be narrowly tailored and made in good faith.
No Party may designate entire custodians, mailboxes, agencies, or categories of documents as confidential without document-specific review.

3. Designation of Confidential Material
Material may be designated “Confidential” only where disclosure would cause harm or is otherwise protected by law.

4. Usable Production Requirement
All Discovery Material must be produced in a reasonably usable, accessible, downloadable, and reviewable format consistent with Federal Rule of Civil Procedure 34(b)(2)(E).
Confidentiality designations shall not be used to justify restricted, expiring, inaccessible, or non-functional production formats.

5. Permitted Disclosures
Confidential Discovery Material may be disclosed only to:
(a) the Parties;
(b) counsel and their staff;
(c) litigation vendors;
(d) mediators;
(e) witnesses and experts (subject to NDA);
(f) the Court.

6. Strict Limitation on Internal and Interagency Disclosure
Any disclosure within Defendant agencies is strictly limited to individuals with a demonstrated need to know for purposes of this litigation only.

Confidential Discovery Material shall not be used, shared, transmitted, or circulated for any employment-related, administrative, investigative, evaluative, reputational, or interagency purpose outside of this litigation.

7. Use Limitation
All Confidential Discovery Material may be used solely for the prosecution, defense, or settlement of this action and any appeals.

8. Privilege and Logging
Privilege may not be asserted on a blanket basis and must comply with Rule 26(b)(5), including provision of a privilege log.

9. Challenges to Designation
Any Party may challenge a confidentiality designation at any time.

10. Protection Against Unauthorized Disclosure
Recipients must take all reasonable steps to prevent unauthorized disclosure and must notify the producing party immediately upon any breach.

11. Filing Under Seal
All filings must comply with the Court's rules regarding sealing. No presumption of sealing applies.

12. Return or Destruction
Within 30 days of final disposition, all Confidential Discovery Material must be returned or destroyed.

13. Survival and Enforcement
This Order survives termination of the litigation. Violations may result in sanctions.

**SO STIPULATED AND AGREED:**

Plaintiff, Pro Se

By: ______________________

Dated: 7/20/26

Defendants:

By: CONNER QUINN

Dated: 7/20/26

SO ORDERED

Dated: 7/20/2026

New York, New York

LEWIS J. LIMAN
United States District Judge

**NON-DISCLOSURE AGREEMENT**

I, ______________________, acknowledge that I have read and understand the Protective Order in this action.

I agree not to disclose Confidential Discovery Material except for purposes of this litigation.

I agree that I will not use or share any such information for any employment-related, administrative, investigative, or interagency purpose outside of this case.

I agree to return or destroy such material at the conclusion of the litigation.

I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of this Order.

Dated: ___________

Signature: ___________________________________